UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT R. TAYLOR,

    Petitioner,

v.                                                          Case No. 11-C-27

ROBERT HUMPHREYS,

    Respondent,

**DECISION AND ORDER ON MOTION TO DISMISS HABEAS CORPUS PETITION**

On January 11, 2011, the petitioner, Robert R. Taylor ("Taylor"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. On October 15, 1998, Taylor was convicted in Racine County Circuit Court of armed robbery. Taylor was sentenced to a term of fifty years imprisonment.

On March 25, 2011, the respondent filed a motion to dismiss Taylor's petition for lack of jurisdiction. The respondent's motion is predicated on the proposition that Taylor's petition is a second or successive petition, and that, therefore, this court does not have jurisdiction over the same. Taylor filed a response to the respondent's motion, and the respondent filed a letter on April 20, 2011, indicating that he would not be filing a reply. Accordingly, the respondent's motion to dismiss is now fully briefed and is ready for resolution. For the reasons that follow, Taylor's petition for writ of habeas corpus will be dismissed.

**I. DISCUSSION**

Taylor filed a prior habeas petition involving his October 15, 1998 conviction in the Eastern District of Wisconsin on December 1, 2006. *See Taylor v. Humphreys*, No. 06-C-1241 (E.D. Wis.). That petition was ultimately dismissed with prejudice. First, the district court concluded that the

Wisconsin Court of Appeals did not unreasonably apply established United States Supreme Court authority in rejecting some of Taylor's ineffectiveness of counsel claims, his prosecutorial misconduct claims, and his newly discovered evidence claim. Second, the district court also determined that Taylor's additional claims of ineffective assistance of counsel were procedurally defaulted because they were not presented to the state court for a ruling on the merits.

The present petition is Taylor's second habeas petition involving the same conviction. In the present petition, Taylor attempts to raise claims that he did not raise in his prior petition.[1] Claims presented in a second or successive habeas petition that were not presented in a prior habeas petition cannot be addressed by this court unless the petitioner first obtains authorization from the court of appeals. *See* 28 U.S.C. § 2244(b)(3)(a).

To be sure, "[n]ot every petition counts for purposes of § 2244(b), so in some cases later petitions are not considered second or successive under § 2244(b) and can be filed without permission from the courts of appeals. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). As the court stated in *Altman*,

> For purposes of § 2244(b), we do not count previous petitions that were dismissed for technical or procedural deficiencies that the petitioner can cure before refiling. For example, we do not count petitions dismissed because the petitioner filed in the wrong district, or failed to pay the filing fee. Likewise, we do not count petitions dismissed as premature. In these cases the petitioners are able to rectify the problems and then refile their petitions for a merits determination of the substantive claims.

---

[1] Taylor's present claims are as follows: (1) "Fundamentally Defective Complaint/Information"; (2) "The Trial Judge on the day of trial cannot change the complaint on its own and charge the defendant, when it would not allow the State to amend, it cannot amend it on its own and take on the State's authority"; (3) The Court cannot charge the defendant with Armed Robbery and then at the end of the trial give jury instructions for Party to a Crime of Armed Robbery while armed with a dangerous weapon completely different from the charges the Court had already charged the defendant with"; and (4) "The State and Judge charged Habitual but habitual was not proven, and the defendant never admitted to habitual." (Pet. at 3-4.)

2

> If, however, a petition is resolved in a way that satisfies a petitioner's one "full and fair opportunity to raise a [federal] collateral attack," then it does count for purposes of § 2244(b). So, petitions that have been denied on the merits, that the petitioner voluntarily dismisses in the face of an imminent loss, or that have been denied based on a procedural default, do count as prior petitions because the petitioner is incapable of curing the defect underlying the district court's judgment.

*Id.* (citations omitted). As previously noted, Taylor's petition in Case No. 06-C-1241 was dismissed with prejudice on two grounds: the state court's adjudication of some claims was not contrary to, or did not involve an unreasonable application of, clearly established Federal law, and the remaining claims were procedurally defaulted. Therefore, Taylor is not a beneficiary of the "second or successive" petition exceptions set forth in *Altman*.

To reiterate, Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Because Taylor has not obtained authorization from the court of appeals, this court lacks subject matter jurisdiction over Taylor's instant petition for writ of habeas corpus.

> The district court had no option other than to deny the petition. No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition. . . . From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.

*Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis added). Given the foregoing, this court has no alternative other than to dismiss Taylor's petition for lack of subject matter jurisdiction.[2]

---

[2] Taylor is invited to review the procedures set forth in 28 U.S.C. § 2244(b). Additionally, the petitioner is directed to Circuit Rule 22.2 for the United States Court of Appeals for the Seventh Circuit, entitled "Successive Petitions for Collateral Review."

3

There is one final matter to address. The recently amended provisions of Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman*, 555 U.S. 113, 129 S. Ct. 681, 684 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . ., and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In my opinion, and for the reasons set forth in this decision denying Taylor's habeas petition, none of Taylor's claims warrant a certificate of appealability. Put simply, whether Taylor's present petition is a second or successive petition is a straightforward issue, and this court does not believe that a reasonable jurist would find it debatable whether this court erred in resolving this non-

constitutional question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the court will deny Taylor a certificate of appealability.

Of course, Taylor retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Taylor's petition for writ of habeas corpus and this action be and hereby are **DISMISSED** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

**SO ORDERED** this 22nd day of April 2011 at Milwaukee, Wisconsin.

                        **BY THE COURT:**

                        s/ William E. Callahan, Jr.
                        WILLIAM E. CALLAHAN, JR.
                        United States Magistrate Judge